FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 0 8 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN B. DICKINSON,

    Petitioner,

v.                                                     Civ. No. 05-1317 BB/RLP

HARRY TIPTON, Director,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Petitioner's Motion for Temporary Restraining Order to be Converted to Preliminary Injunction, filed pursuant to Fed.R.Civ.P. 65 and 18 U.S.C. § 3626, 28 U.S.C. § 2254, and 42 U.S.C. § 1983.[1] Petitioner is in state custody and alleges that on or about February 7, 2006 he is set to be transferred to the the Las Vegas New Mexico Behavioral Health Institute "to begin 'treatment to attain competency.'" Motion at 1 (quoting letter from Judge James F. Blackmer, attached as Exhibit A thereto).

The basis of Petitioner's Motion is that he keeps his legal files, correspondence, and other materials on a computer at Metropolitan Detention Center (MDC). He requests this court to (1) enter an order enforcing an earlier order issued by Judge Blackmer that MDC shall allow Petitioner to transfer his computer files from his deficient computer to a more reliable computer, see Exhibit B to Motion at 5; and (2) compel the state authorities to transfer his legal files with him to Las Vegas, see Motion at 5.

---

[1] Petitioner has a pending 28 U.S.C. § 2254 application for writ of habeas corpus before this court. He asks that the instant Motion be treated as a "concurrent" Section 1983 Motion.

The court liberally construes Petitioner's claims as alleging a denial of access to the courts, a right secured by the Fourteenth Amendment. *Simkins v. Bruce*, 406 F.3d 1239, 1241 (10th Cir. 2005). Because he neither contests the conditions of confinement or of his sentence, his claims do not arise under either §§ 2241 or 2254. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

With regard to Petitioner's request that this court order MDC to comply with Judge Blackmer's Order, this court may not interfere with an on-going state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

With regard to his request that this court issue a TRO compelling MDC to transfer Petitioner's legal files with him to Las Vegas, Petitioner has not alleged any facts indicating that he will incur any loss of access to the courts. His argument that he will lose his computer files because MDC has failed to comply with Judge Blackmer's Order allowing him a computer upgrade is based on speculation. There is nothing in his Motion that indicates a loss of legal materials or a denial of access to the courts.

Accordingly, Petitioner's Motion for Temporary Restraining Order to be Converted to Preliminary Injunction [Doc. 5] is denied.

IT IS SO ORDERED.

Bruce D. Black
United States District Court Judge

2