FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 0 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN B. DICKINSON,

Petitioner,

v.

Civ. No. 05-1317 BB/RLP

HARRY TIPTON, Director, Bernalillo
County Metropolitan Detention Center, et al.,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1. Petitioner was indicted on August 24, 2004 for, *inter alia*, depraved mind murder. Answer [Doc. 8], Exhibit B thereto. On June 3, 2005 Judge Blackmer, Second Judicial District Court, State of New Mexico, entered an order allowing Petitioner to proceed *pro se*. Exhibit C. On September 20, 2005, Judge Blackmer stayed the proceedings pending a competency hearing and appointed counsel to represent Petitioner. Exhibit D. After a hearing before Judge Blackmer on October 27, 2005, Petitioner was declared incompetent. Exhibit E. Because of a conflict of interest between appointed counsel and one of the witnesses at the October 27, 2005 hearing, new counsel was appointed for Petitioner and a new hearing to determine competency and dangerousness was re-set for January, 2006. Exhibit F.

2. In November, 2005, the New Mexico State Supreme Court's Chief Clerk wrote Petitioner that his original petition for writ of superintending control/prohibition and

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

all copies were being returned to him because "[t]he requested relief is not appropriate for an extraordinary writ . . . ." Petition for Writ of Habeas Corpus [Doc. 1], Exhibits A & B thereto. Respondents state they are unaware of the claims raised therein because all copies were returned to Petitioner. Answer at 3.

3. Based on a statement in Petitioner's Motion for Temporary Restraining Order, the court believes that Petitioner was transferred to the Las Vegas, New Mexico Behavioral Health Institute on or about February 7, 2006. Doc. 5 at 1.

4. Petitioner seeks relief under 28 U.S.C. § 2254, alleging violations of his right to a speedy trial, a denial of due process (for not letting him proceed *pro se* at the competency hearing), and ineffective assistance of counsel, primarily because he was not allowed to testify before the grand jury. Because there has been no trial in this matter and therefore no judgment, the court believes this claim is more properly brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

5. Respondents have filed a Motion to Dismiss, arguing that Petitioner has failed to exhaust his remedies by filing a petition for writ of habeas corpus in state court pursuant to NMRA 2006, Rule 5-802. Brief in Support of Motion to Dismiss [Doc. 7] at 4. The court agrees that the claim is unexhausted. *See Montez*, 208 F.3d 866-67.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Dismiss [Doc. 6] be granted and the case dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge

2